B104 (FORM 104) (08/07)                                                                    EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

IN RE:
**MARCELLUS A. MAPLE**                                        **Case No. 3:10-bk-30393-KRH**
**ANET H. MAPLE**                                            **Chapter 13**
     **Debtors.**


**MARCELLUS A. MAPLE**                                        **APN:    3:10-AP-_____-KRH**
**ANET H. MAPLE**
     **PLAINTIFFS,**


**v.**


**COLONIAL ORTHOPAEDICS, INC.**
**UNKNOWN PERSONS OF INTEREST OF COLONIAL ORTHOPAEDICS, INC. "DOES A-Z"**
     **DEFENDANTS.**


**COMPLAINT**

**PRELIMINARY STATEMENT**

This case arises out of the improper publication of the debtors' personal **_nonpublic_** information.

**JURISDICTION, CORE PROCEEDING AND VENUE**

1.  This Court has jurisdiction to hear this matter under Title 28 U.S.C. §1334.

2.  This is a core proceeding pursuant to 28 U.S.C. §157, in that it arises under, arises in, and is related to the above-captioned Bankruptcy case under Title 11 and concerns the Debtors' estate in that case.

3.  This court is proper venue pursuant to 28 U.S.C. §1391(b) and (c).

**PARTIES**

4.  The plaintiffs are debtors in the bankruptcy court as defined by 11 U.S.C. §101(13) and are residents in the Eastern District of Virginia, Richmond Division.

5.  Defendant Colonial Orthopaedics, Inc. (hereinafter "Colonial") is a listed and scheduled creditor of the plaintiffs. Plaintiff

6.  The known registered agent for Colonial is W. Scott Street, III, 1021 E Cary St., 16th Floor, Two James Center, P.O. Box 1320, Richmond, VA 23218.

---

Mitchell P. Goldstein, Esq. VSBN 40613
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

7.  "Doe's A-Z" are employees of Colonial.

8.  The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants "Doe's A through Z", inclusive for Colonial, are unknown to Plaintiff at this time, who therefore sues such Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as fictitiously named Defendant is in some manner responsible for the events and happenings herein referred to, either contractually or tortuously, and caused the damage to the Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of "Doe's A through Z", inclusive, it will ask leave of this Court to amend its Complaint by setting forth same.

**FACTS**

9.  On June 15, 2009, Plaintiff Anet H. Maple allegedly incurred a debt with Colonial in connection with a consumer transaction as that term is defined in Va. Code. § 59.1-198.

10. Upon information and belief, Plaintiff Marcellus A. Maple's insurance policy paid for the services rendered.

11. On January 22, 2010, the debtors/plaintiffs, Marcellus and Anet Maple, (hereinafter "Plaintiffs") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, which has been assigned case number 3:10-bk-30393-KRH in this Court.

12. The court provided each creditor with a proof of claim to submit in order to be paid from the bankruptcy estate by the Chapter 13 Trustee.

13. Defendant Colonial, filed Claim No. 6 in the above numbered case in the amount of $600.19 on February 3, 2010.

14. In the documents constituting the claim, *nonpublic* personal information about the Plaintiffs was published.  The proof of claim is a public document and the Defendant has made the Plaintiffs' private, sensitive and personal nonpublic information available to any and all persons with a computer and internet access.

15. The filed documents present Plaintiffs home and work phone numbers, dates of birth, social security numbers, insurance carrier name, insurance identification numbers, and medical information for the whole world to see.

Mitchell P. Goldstein, Esq. VSBN 40613                                                                                          Page 2
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

16. The filed documents present a total balance of $289.00 with $239.50 sent to collections and an undocumented amount in fees.

17. Counsel for the Plaintiffs immediately filed a Motion to Restrict Access to the documents containing the nonpublic personal information.

18. On February 17, 2010, this Court entered an Order restricting such access.

19. Sufficient personal and private data was revealed for an identity thief to hijack the Plaintiffs' identities and use it to commit **Financial Identity Theft** (using another's identity to obtain goods and services), **Criminal Identity Theft** (posing as another when apprehended for a crime), **Identity Cloning** (using another's information to assume his or her identity in daily life), and **Medical Identity Theft** (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

20. Protection of individual personal, sensitive and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. §§ 3500, *et seq*. contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform to their local rules and practices of the Act.

21. A healthcare provider is defined as those entities listed in the definition of "health care provider" in Virginia Code § 8.01-581.1. Health care provider includes all persons who are licensed, certified, registered or permitted or who hold a multistate licensure privilege issued by any of the health regulatory boards within the Department of Health Professions, except persons regulated by the Board of Funeral Directors and Embalmers or the Board of Veterinary Medicine.

22. Defendant Colonial is a sophisticated creditor with knowledge of the bankruptcy rules and procedure and a health care provider pursuant to Virginia Code § 32.1-127.1:03 and § 8.01-581.1.  Defendant Colonial has an obligation to comply with all applicable rules and statutes when filing claims and motions while participating in the bankruptcy process.

23. The Defendant has intentionally communicated or otherwise made available to the general public the personal, sensitive and private data of the Plaintiff in direct violation of standard of care set by 15 U.S.C. 6801 et seq., The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq., Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, and others.

Mitchell P. Goldstein, Esq. VSBN 40613                                                                                          Page 3
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

24. The claim information is public information and was viewable by the public through the Court's PACER system until this Court entered the Order restricting access. This information is still available through other electronic systems that copy from PACER, such as AACER, BANKO and MERLIN.

25. The publication of the *nonpublic* personal information about the Plaintiffs constitutes a violation of the debtor's right to privacy as well as causing the debtor great risk and exposure to identity theft.

26. The Court itself has addressed the issue of disclosure of non-public information. On the Eastern District of Virginia Bankruptcy Court website is a link to the local rules, including LBR 5005-1(g), which requires that certain information be redacted from documents file with the court, and LBR 5007-1, which requires that transcripts be redacted.

27. Court filers are also strongly encouraged to exercise caution when filing documents that contain the following: driver's license numbers, employment history, personal financial information.

28. The website further has added the following information prior to typing in an ID and password to enter the ECF/CM site:

> **IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; and financial account numbers, in compliance with Fed. R. Bankr. P. 9037. This requirement applies to all documents, including attachments.

29. The website also requires that anyone attempting to enter the ECF/CM must certify by clicking the adjacent box the following language:

> "I understand that, if I file, I must comply with the redaction rules. I have read this notice."

The website will not allow entry into system without affirmatively agreeing to this certification.

30. There is no rule or necessity for any of these documents to contain the Plaintiffs' complete social security numbers, phone numbers, dates of birth, address or personal health information.

31. Through the promulgation of statutes such as the Virginia Personal Information Privacy Act (VA Code § 59.1-443.2), and the Virginia Consumer Protection Act (VA Code § 59.1-443.2.A.1) the Virginia legislature has determined that the careless use of personal information poses a significant threat of identity theft, thus risking a person's privacy, financial security, and other interests.

Mitchell P. Goldstein, Esq. VSBN 40613                                                                                          Page 4
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

32.  The Commonwealth of Virginia has taken an aggressive stance on issues of identity theft regarding the use, storage and disposal of information and the notice requirements when an information breach occurs.

33.  By making public the debtors' nonpublic information, the defendants have engaged in an act which is unfair and/or deceptive and have directly injured the plaintiffs by exposing them to risk of identity theft, causing embarrassment and distress.  This act affects public policy as the Federal Government and the Commonwealth of Virginia have made it clear that public policy favors the protection of consumers' private nonpublic information.

34.  Virginia Code § 32.1-127.1:03 on Health records privacy states that:

> There is hereby recognized an individual's right of privacy in the content of his health records. Health records are the property of the health care entity maintaining them, and, except when permitted or required by this section or by other provisions of state law, no health care entity, or other person working in a health care setting, may disclose an individual's health records.

35.  By making public the debtors' nonpublic information, Defendant has engaged in an act which has directly injured the plaintiffs by exposing them to risk of medical identity theft, causing great distress. This act affects public policy as the Federal Government and the Commonwealth of Virginia have made it clear that public policy favors the protection of consumer's private nonpublic information.

36.  The Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §1320d et seq. was designed to prohibit a health care provider from revealing a patient's confidential medical information to third parties that would compromise the privacy of the individual.  Transfer of such confidential medical information is permitted only in cases requiring emergency medical care or treatment.  Failure to comply with HIPAA can result in civil and criminal penalties.  42 U.S.C. §1320d5.  HIPAA sets the standard of care that a health care provider must give to its patient.  By placing the Plaintiffs sensitive confidential medical information in its proof of claim, Defendant breached its duty owed to them to provide that standard of care.

Mitchell P. Goldstein, Esq. VSBN 40613                                                                                              Page 5
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

**FIRST CLAIM:**
**VIOLATION OF PRIVACY POLICY/BREACH OF CONTRACT**

37. Plaintiffs allege each and every paragraph above as though fully set forth herein.

38. One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is a kind that (a) would be highly offensive to a reasonable person and (b) is not a legitimate concern to the public.

39. Congress, through the Health Insurance Portability and Accountability Act, the Virginia Legislature, through the Disposal of Public Records Act, and the Court system itself take the issue of nonpublic information seriously.

40. The Plaintiffs' Social Security Numbers, birth dates and medical information provide no use to the common consumer and are not a legitimate concern of the public.

41. Defendant has failed to comply with and abide by its own privacy policy as required by 15 U.S.C. §6803.

42. Defendant has disclosed nonpublic personal information by releasing the Plaintiffs' social security numbers, dates of birth, and medical information, in a public records forum.

43. As a result of the Defendant's willful, grossly careless and direct violation of its own, legally-required, Privacy Policy, the Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, by disclosing the debtors' personal nonpublic information.

44. Defendant intentionally and/or negligently caused harm to Plaintiffs' emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon Plaintiffs' right to privacy.

**SECOND CLAIM:**
**VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT and**
**VIOLATION OF THE VIRGINIA PERSONAL INFORMATION PRIVACY ACT**

45. Plaintiffs reallege each and every paragraph above as though fully set forth herein.

46. By invoking HIPAA and other similar acts protecting the private information of consumers, the Virginia Legislature has sent a clear message that the publication of nonpublic information is a serious offense against public policy.  Clearly public policy weighs in favor of maintaining consumer information in a secure fashion.

47. By publishing the Plaintiffs' social security numbers, the Defendant violated the Virginia Personal Information Privacy Act and the Virginia Consumer Protection Act.

Mitchell P. Goldstein, Esq. VSBN 40613                                                                                                Page 6
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

48. According to § 59.1-443.2 of the Code of Virginia, except as otherwise specifically provided by law, a person shall not intentionally communicate another individual's social security number to the general public.

49. Defendant is a person covered under this prohibition.

50. Defendant's actions are not allowed by law and are in fact prohibited by other laws such as HIPAA and F.R.B.P. 9037.

51. Defendant intentionally communicated the plaintiffs' social security numbers to the general public by filing a Proof of Claim in this case with said information unredacted.

52. The plaintiffs' social security numbers are still available to the general public through other systems.

53. A person aggrieved by a violation of any provision of the Virginia Personal Information Privacy Act shall be entitled to damages as provided in the Virginia Consumer Protection Act.

54. In addition, if the aggrieved party prevails, he may be awarded reasonable attorney's fees and court costs.

55. A violation of the provisions of the Virginia Personal Information Privacy Act is also a prohibited practice under the Virginia Consumer Protection Act.

**THIRD CLAIM:**
**CONTEMPT OF COURT and**
**VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037**

56. The plaintiffs reallege each foregoing paragraph as though fully set out herein.

57. On December 1, 2007, Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing the Court's local rules and policies.

58. Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> > (1) the last four digits of the social-security number and taxpayer identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials; and
> > (4) the last four digits of the financial-account number.

Mitchell P. Goldstein, Esq. VSBN 40613
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

59. By filing the private, nonpublic information of the Plaintiffs, the Defendant has violated Rule 9037 putting the Plaintiffs at risk and causing damage by making publicly available the Plaintiffs' personal, sensitive information and nonpublic data.

60. Pursuant to 11 U.S.C. §105, the Court has the authority to issue any order that is necessary to enforce the provisions of Title 11.

61. The bankruptcy court also has the ability to regulate the conduct of any of the parties that appear before it.

62. This court has enacted rules, under the Local Bankruptcy Rules, 5005-1 and 5007-1, this court has enacted rules which mirror the Federal Rules of Bankruptcy Procedure, and the E-Government Act, 44 U.S.C. §3500, *et seq*.

63. As a result of the defendants' actions, the Plaintiffs have suffered injury and damages in an amount to be proven at trial.

<u>**FOURTH CLAIM:**</u>
**VIOLATION OF THE HEALTH INFORMATION PUBLIC PRIVACY ACT
AND THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT ("HIPAA")**

64. Plaintiffs reallege each foregoing paragraph as though fully set out herein.

65. Pursuant to Virginia Code § 32.1-127.1:03 (3) states:

> No person to whom health records are disclosed shall redisclose or otherwise reveal the health records of an individual, beyond the purpose for which such disclosure was made, without first obtaining the individual's specific authorization to such redisclosure. This redisclosure prohibition shall not, however, prevent (i) any health care entity that receives health records from another health care entity from making subsequent disclosures as permitted under this section and the federal Department of Health and Human Services regulations relating to privacy of the electronic transmission of data and protected health information promulgated by the United States Department of Health and Human Services as required by the Health Insurance Portability and Accountability Act (HIPAA) (42 U.S.C. § 1320d *et seq*.) or (ii) any health care entity from furnishing health records and aggregate or other data, from which individually identifying prescription information has been removed, encoded or encrypted, to qualified researchers, including, but not limited to, pharmaceutical manufacturers and their agents or contractors, for purposes of clinical, pharmaco-epidemiological, pharmaco-economic, or other health services research.

Mitchell P. Goldstein, Esq. VSBN 40613                                          Page 8
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

66. Defendant willfully published the plaintiffs' health and medical information on a public, electronic system.

67. There exists no valid reason for Defendant to have divulged plaintiffs' diagnosis and health insurance information to the public.  This information was clearly not needed for the collection of a debt.

68. Defendant violated the standard of care established by the Health Insurance Portability and Accountability Act. Defendant disclosed Plaintiffs' confidential personal and medical information on the proof of claim. This action was not necessary nor was it required by law.

69. As a result of the defendant's actions, the debtors have suffered injury and damages in an amount to be proven at trial.

**FOURTH CLAIM:**
**VIOLATION OF F.R.B.P. 9011, 18 U.S.C. § 152**

70. Plaintiffs reallege each foregoing paragraph as though fully set out herein.

71. A Proof of Claim is a statement made to a court under oath.

72. By alleging in the proof of claim that the alleged claim is $600.19 when the supporting documentation clearly shows a potential claim for at most $289, Defendant filed a false declaration in violation of F.R.B.P. 9011 and 18 U.S.C. § 152.

73. The Plaintiffs object to this claim and ask it be denied pursuant to 11 U.S.C. § 502.

Mitchell P. Goldstein, Esq. VSBN 40613
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

**WHEREFORE**, the plaintiffs pray for the following relief:

A. Find that the Defendants are in civil contempt for violating the established policies, rules and Orders of the Court in establishing privacy standards;

B. Grant an Order of injunctive relief to order Defendants not to breach the Court's privacy regulations in any future filings with the Court upon pain of contempt of Court and automatic granting of an order striking of any such documents filed with the Court upon the filing of an affidavit of non-compliance by any party before this Court;

C. Grant Sanctions against the defendants for knowingly exposing the plaintiffs to risk of identity theft;

D. Grant Damages against the defendants for knowingly invading the plaintiffs' right to privacy and violating the Virginia Health Information Public Privacy Act, the Virginia Consumer Protection Act and Virginia Personal Information Protection Act;

E. Award the Plaintiffs compensatory damages and statutory damages and punitive damages;

F. Award the Plaintiffs their attorneys fees under the Virginia Personal Information Protection Act; the Virginia Consumer Protection Act, and Section 105 of the Bankruptcy Code,

G. Award costs and damages to the Chapter 13 trustee for increased administrative burden and costs;

H. Grant an Order denying Claim No. 6 filed by the Defendant in its entirety; and

I. Award such additional relief as the Court deems necessary or proper

Respectfully Submitted,
**MARCELLUS A. and ANET H. MAPLE**

by:      /s/Mitchell P. Goldstein, Esq.
Mitchell P. Goldstein, Esq. VSB#40613
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com

Mitchell P. Goldstein, Esq. VSBN 40613                                                                                    Page 10
Counsel for the Plaintiffs
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@krumbeinlaw.com